**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 Liquidation |
| | ) | |
| Mark A. Swift | ) | Case No. 05 B 35255 |
| | ) | |
| | ) | The Honorable Eugene R. Wedoff, |
| Debtor. | ) | Presiding |
| | ) | |
| | ) | Hearing:   May 28, 2008 |
| | ) | 9:30 a.m. C.S.T. |

**NOTICE OF MOTION**

TO:  SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on May 28, 2008 at 9:30 a.m. or as soon thereafter as counsel may be heard, we shall appear before the Honorable Eugene R. Wedoff in the Courtroom usually occupied by him at 219 South Dearborn Street, Chicago, Illinois, or before any other judge who may be sitting in his place and stead, and present the attached **Trustee's Motion to Approve Compromise and Sale**, at which time and place you may appear if you so desire.

> RONALD R. PETERSON, not individually but as
> chapter 7 Trustee for the bankruptcy estate of
> Mark A. Swift
>
> By:    /s/ Ronald R. Peterson
>        *Ronald R. Peterson*

Ronald R. Peterson (2188473)
David P. Sanders (2452359)
Michael J. Kelly  (6289908)
JENNER & BLOCK, LLP
330 N. Wabash Avenue
Chicago, Illinois  60611
Telephone:    312/222-9350
Facsimile:    312/923-8430

## CERTIFICATE OF SERVICE

I, Ronald R. Peterson, certify that I caused a copy of the foregoing **Notice of Motion** and **Trustee's Motion to Approve Compromise and Sale** to be served upon the parties on the attached Service List by depositing same in the U.S. Mail receptacle located at 330 N. Wabash, Chicago, Illinois, properly addressed and postage prepaid, on May 6, 2008.



*/s/ Ronald R. Peterson*
Ronald R. Peterson

**SERVICE LIST**

William T. Neary
Office of the U.S. Trustee
227 W. Monroe St., Ste. 3350
Chicago, IL  60606-5025

Mark A. Swift
220 Melrose Ave.
Kenilworth, IL  60043-1251

Thomas B. Britt
Law Offices of Thomas M. Britt, P.C.
6825 W. 171st St.
Tinley Park, IL  60477-3477

Joseph D. Frank
Frank Gecker LLP
325 N. LaSalle St., Ste. 625
Chicago, IL  60610-0000

Bank One
Three First National Plaza
70 W. Madison, 10th Floor
Chicago, IL  60670-0001

Citibank
Citibank Customer Service
P.O. Box 6500
Sioux Falls, SD  57117-6500

JP Morgan Chase Bank
719 Elm St.
Winnetka, IL  00006-0093

MBNA America
Acct# 4264 2806 1577 5955
1000 Samoset Dr.
Wilmington, DE  19884-2211

Northbrook Group Holdings
c/o Alex Priogovsky, Esq.
Ungaretti & Harris LLP
3500 Three First Nat'l Plaza
Chicago, IL  00006-0602

CIB Marine Capital LLC
c/o Fred R. Harbecke
29 S. LaSalle St., Ste. 945
Chicago, IL  60603-1526

JP Morgan Chase Bank
120 S. LaSalle St., 6th Floor
Chicago, IL  60603-3426

North Shore Community Bank
Acct: 03390002413-0000
7800 Lincoln Ave.
Skokie, IL  60077-3643

Oronova, Inc.
c/o Patrick Hart
1585 Ellinwood, #105
Des Plaines, IL  60016-4535

Latimer LeVay Jurasek, LLC
ATTN:  Sheryl A. Fyock
55 W. Monroe St., Ste. 1100
Chicago, IL  60603-5128

American Express Travel Related Servs.,
Inc.
c/o Becket & Lee LLP
P.O. Box 3001
Malvern, PA  19355-0701

Chase Bank
Acct# 4388 5230 2209 6869
P.O. Box 97014
Palatine, IL  60094-4014

Cole Taylor Bank
9550 W. Higgins Rd.
Rosemont, IL  60018-4906

Jolivette & Templer, PC
10 S. LaSalle St., Ste. 1017
Chicago, IL  60603-1088

1647878

James A. McGurk
Law Offices of James A. McGurk, P.C.
140 S. Dearborn St., Ste. 404
Chicago, IL  60603

Northbrook Group Holdings
ATTN:  Mark Stege
221 Woodstock Ave.
Kenilworth, IL  60043-1233

Washington Mutual
P.O. Box 3139
Milwaukee, WI  53201-3139

CIB Marine Capital LLC
101 N. Wolf Rd.
Hillside, IL  60162-1634

James B. Koch
Gardiner Koch & Weisberg
53 W. Jackson Blvd.
Chicago, IL  60604-0000

American Express
P.O. Box 650448
Dallas, TX  75265-0000

Steven Joseph Roeder
Williams, Montgomery & John, Ltd.
20 North Wacker Drive, Suite 2100
Chicago, IL 60606

2

1647878

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 Liquidation |
| | ) | |
| Mark A. Swift | ) | Case No. 05 B 35255 |
| | ) | |
| | ) | The Honorable Eugene R. Wedoff, |
| Debtor. | ) | Presiding |
| | ) | |
| | ) | Hearing:     May 28, 2008 |
| | ) |                   9:30 a.m. C.S.T. |

**TRUSTEE'S MOTION TO APPROVE COMPROMISE AND SALE**

Ronald R. Peterson, not individually, but solely as trustee (the "Trustee") for the chapter 7 bankruptcy estate (the "Estate") of Mark A. Swift (the "Debtor"), respectfully moves (the "Motion"), this Court for entry of an order, pursuant to 11 U.S.C. § 363 and Federal Rules of Bankruptcy Procedure 6004 and 9019, authorizing the Trustee to sell to Prevalence Holdings, LLC, f/k/a H A Acquisition LLC (the "Purchaser") the Estate's interest in certain potential claims and causes of action against certain entities and persons, and respectfully states as follows:

**Jurisdiction**

1.    This Court has jurisdiction to consider and determine this Motion pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and rule-based predicates for the relief sought herein are 11 U.S.C. § 363 and Federal Rules of Bankruptcy Procedure 6004 and 9019.

1647878

**Background**

2. On September 2, 2005, the Debtor filed a petition (the "Petition") for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

3. Subsequently, the United States Trustee appointed Ronald R. Peterson as Trustee.

**Assets of the Estate.**

4. On June 29, 2007, the Debtor filed lawsuit number 07-3700 in the Northern District of Illinois (the "District Court Action") against certain entities including the Purchaser, Jamie Martin, E.B. Martin, Jr., Health Alliance Holdings, Inc., HA Holdings, Inc., EBM Ventures, LLC, and Allen Palles (collectively, the "Remaining Defendants"). On September 18, 2007, the Trustee filed an amended complaint in the District Court Action by which the Trustee replaced the Debtor as plaintiff and dismissed certain defendants, but maintained claims against the Remaining Defendants. On November 29, 2007, the Trustee filed his second amended complaint in the District Court Action.

5. On September 2, 2007, the Trustee filed adversary proceeding 07-00853 in the Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court Action") against some but not all of the Remaining Defendants.

**The Proposed Compromise**

6. The Trustee has evaluated the District Court Action and the Bankruptcy Court Action by (i) interviewing the Debtor, Allen Palles, and representatives of the Purchaser; (ii) reviewing pertinent documents; and (iii) reviewing and commenting on the complaints and amended complaints filed in both actions. After completing his review, the Trustee has concluded that any claims the Estate may have against the Remaining Defendants whether direct or derivative (the "Claims") are not likely to survive a motion to dismiss. The Trustee has been

unable to connect the breaches allegedly committed by the Remaining Defendants with foreseeable and proximate damages to the Debtor.

7. After good faith, arms-length negotiation, the Trustee and the Purchaser have reached an agreement whereby the Purchaser will pay the Trustee $10,000.00 to purchase the Estate's interest in the Claims pursuant to 11 U.S.C. § 363(b)(1), subject to better and higher offers. Any bidder or the Purchaser may make a competing bid that is higher than the highest bid by an amount not less than One Hundred Dollars. The Purchaser will be given an opportunity to make a competing bid that is higher than the highest bid prior to any sale being finalized. In the event that the Purchaser is the successful bidder, the Trustee will execute a formal release of the Claims, dismiss with prejudice the Bankruptcy Court Action, and withdraw with prejudice his claims in the District Court Action.

8. In determining whether a settlement proposal is in the best interests of the Estate, the Court should undertake a two-step analysis. First, the Court should compare the terms of the proposed settlement with the probable costs and benefits of litigation. See In re Telesphere Comm. Inc., 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994) (citing In re American Reserve Corp., 841 F.2d 159, 161 (7th Cir. 1987)). Second, the Court should determine "whether or not the terms of the proposed compromise fall within the reasonable range of litigation possibilities." Id. (quoting In re Energy Co-op., Inc., 886 F.2d 921, 929 (7th Cir. 1989)). The compromise should be approved unless the proposal "falls below the lowest point in the range of reasonableness." Id.

9. Pursuant to Rule 2002(a) of the Federal Rules of Bankruptcy Procedure, twenty days' notice of this motion has been provided to the Remaining Defendants, the Debtor, the United States Trustee, and all creditors.

3

1647878

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order substantially in the form attached hereto:

a. Authorizing the Trustee to sell his right, title and interest in the Claims pursuant to 11 U.S.C. § 363(b)(1) for a payment of $10,000.00 from the Purchaser or such higher bid as the Trustee receives and determines to be in the best interest of the Estate;

b. Authorizing, in the event that the Purchaser is the successful bidder, the Trustee to execute a formal release of the Claims, dismiss with prejudice the Bankruptcy Court Action, and withdraw with prejudice his claims in the District Court Action;

c. Authorizing the Trustee to execute, deliver and/or file any documents and to perform any ministerial acts necessary to consummate the proposed compromise and sale;

d. Authorizing the Trustee to execute, deliver or file any releases of liability necessary or appropriate to consummate the proposed compromise and sale; and

e. Granting such other relief as the Court deems equitable and just.

Dated: May 6, 2008      RONALD R. PETERSON, not individually, but as chapter 7 trustee for the bankruptcy estate of Mark A. Swift

By: _/s/ Ronald R. Peterson_ .
Ronald R. Peterson

Ronald R. Peterson (02188473)
Michael J. Kelly (06289908)
JENNER & BLOCK LLP
330 N. Wabash Ave.
Chicago, Illinois 60611
(312) 222-9350
(312) 923-8430 (Fax)

4

1647878

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 Liquidation |
| | ) | |
| Mark A. Swift, | ) | Case No. 05 B 35255 |
| | ) | |
| Debtor. | ) | The Honorable Eugene R. Wedoff, |
| | ) | Presiding |

**ORDER GRANTING MOTION TO APPROVE COMPROMISE AND SALE**

This matter came on to be heard on the Trustee's Motion to Approve Compromise and Sale (the "Motion"; each capitalized term not defined herein shall have the meaning ascribed thereto in the Motion); the Court having reviewed the Motion; the Court finding that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); the Court finding that notice of the Motion was sufficient under the circumstances; the Court finding that the opportunity for a hearing on the Motion was sufficient under the circumstances; no objection to the Motion having been filed or otherwise made to the Court; and the Court being fully advised in the premises and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief herein granted;

**IT IS HEREBY ORDERED THAT:**

1. The Trustee is authorized, in exchange for a payment of $10,000.00 from the Purchaser or such higher offer as the Trustee determines to be in the best interest of the Estate, to sell the Estate's interest in the Claims to the Purchaser or other bidder pursuant to 11 U.S.C. § 363(b)(1). Any bidder or the Purchaser may make a competing bid that is higher than the highest bid by an amount not less than One Hundred Dollars. The Purchase will be given an

1647878

opportunity to make a competing bid that is higher than the highest bid prior to any sale being finalized.

    2. If the Purchaser is the successful bidder, upon receipt of the above-described payment, the Trustee will execute a formal release of the Claims, submit a motion seeking the dismissal with prejudice of the Bankruptcy Court Action for this court's consideration and approval, and submit a motion to withdraw with prejudice his claims in the District Court.

    3. The Trustee is authorized to execute, deliver and/or file any documents and to perform any ministerial acts necessary to consummate the proposed compromise and sale.

    4. The Trustee is authorized to execute and deliver any releases of liability or covenants not to sue necessary or appropriate to consummate the proposed compromise and sale.

Dated: May 28, 2008
   Chicago, Illinois

        ENTERED: _____
              UNITED STATES BANKRUPTCY JUDGE

2

1647878